Peck, J.
delivered the opinion of the Court.
The writ of scire facias states that John Payton, by the judgment of Sumner Circuit Court, at March term, 1819, recovered judgment against *124 James McKain for the sum of three hundred and fifty dollars debt, and the further sum of seventy dollars and twenty-eight cent's costs; that execution thereof remains to be made.
It also alleges that John Stuart and Peter Looney “ undertook, as appearance bail for said James, that if he be cast in the action aforesaid, that they, the said Peter and John, would pay all such damages and costs as should be adjudged to the said Payton, or render his body in execution for the same, or that the said John and Peter would do it for him, which appears of record, and that a ca. sa. has been returned not found.”
On the return of this writ executed, the pleas of payment and nul tiel record were entered on the appearance docket, in these words: “ nul tiel record, payment, replication, and issue.”
At the subsequent term, the issue on the plea of payment was tried by a jury and found for the plaintiff, and damages assessed ; and on the other plea of nul tiel record, the Court find that there is such a record, and gave judgment for the debt.
The assignment of errors is, that the bail bond is not taken to the sheriff; that the same is not assigned, is not taken for double the amount, and is for the appearance at a time when, by law, no court convened.
To establish these errors a bail bond was produced; it was taken in the sum of five thousand dollars to Burn, not describing him as sheriff, and does not appear to have been assigned.
It was objected that the Court could not notice the bond in the way produced to the Court, because the point did not appear to have been preserved in the court below, where, and where only, the bond could have been made part of the record, so as to be noticed by this Court.
It was then urged by the plaintiff in error that the scire facias was defective in not ■ setting out a bond and averring an assignment, as the law required, so that the Court might see the legal liability of the supposed bail, if any legal liability'- attached.
To this it is answered, that the scire facias does not appear to be predicated on a bond, but rather on a recognizance of bail taken in-court.'
Again, it is urged that the judgment is manifestly erroneous in giving judgment for the debt and damages, as found by the jury. To this it is answered, that this Court should give such judgment on the premises as the Circuit Court ought to have given.
The Court here regret extremely the loose and inaccurate manner in which these proceedings have been conducted from the commencement. The scire facias does not show whether or not predicated upon a bond or recognizance. The defendants in the court below, if possible, to prove themselves more careless, propose issues the most summary upon the docket, and the Court, equally listless, find that there is such a record, and give judgment instead of execution for the debt and damages.
*125 This is certainly erroneous, and for that the cause must be reversed.
The question then presents itself, if this Court can with propriety render judgment for the execution, which would be the proper judgment on this scire facias, supposing it well prosecuted?
We are of opinion we ought not, for there is such a want of legal certainty throughout as leaves it doubtful whether or not, in giving such a judgment, we should not add to the number of errors already incident to this proceeding.
When the plea of nul tiel record is entered, the plaintiff should, in his replication, reassert the record on which he relies; Chitty’s Pleading, 572; and this is certainly necessary in this case, where the scire facias is so totally silent as to the land of liability on which the bail- is sought to be chargeable.
If it be said that here the first fault is with the defendants in the Court below, in not drawing out the plea in form, it may be answered that it was the business of the plaintiff to see that his cause was in such a dress that he could safely take his judgment, especially as it is a proceeding against bail which is to be taken with strictness. The plaintiff had the power to coerce the plea in form ; that plea could have been narrowed to any of the matters of record mentioned in the scire facias ; Chitty, p. 556, 557, 572 ; nay, might have denied the return of the ca. sa. also mentioned in the scire facias as a matter of record, and in that case the replication should state the ca. sa. and conclude with a verification, because the defendant might rejoin admitting the ca. sa., but denying the truth of the return of it, and that being a matter in pais, the conclusion should be to the country. Chitty, P. 572.
As, therefore, from the whole of these pleadings, and the finding of the Court, it is left doubtful on what the Court gave judgment, and as there should be reasonable certainty, where this Court proceeds not to affirm, but' to make up a judgment, it is thought to be the safer way not to render it on a doubtful case.
Therefore, reverse the judgment, and let the cause be remanded to the Circuit Court.